UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON C. LANE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-00334-JMS-MPB |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Jason C. Lane for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. NCF 16-12-0045. For the reasons explained in this Entry, Lane's habeas petition must be **denied**.

**A.      Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

On December 8, 2016, Case Manager ("CM") Page issued a Report of Conduct to Lane for a violation of Code B-247, possession of unauthorized personal information. Code B-247 is defined as:

> Possessing or soliciting unauthorized personal information regarding another offender, ex-offender, victim/witness, potential victim, or current or former staff person, including but not limited to personnel files, offender packets, medical or mental health records, photographs, Social Security Numbers, home addresses, financial information, or telephone numbers, **except as authorized by a court order or as approved in writing by the Facility Head.**

IDOC Adult Disciplinary Process, Appendix 1: Offenses, at 8 (emphasis added), *available at*, http://www.in.gov/idoc/files/02-04-101_APPENDIX_I-OFFENSES_6-1- 2015(1).pdf.

The Report of Conduct stated:

> On 12/7/16, CM Page was informed by Offender Davis that he believed Offender Lane was accessing his Jpay and phone account. He reported that his sister had received multiple calls and Jpays from the offender asking her to put money on his (CO Lane's) account. Offender Lane reported[ly] told the sister Davis had been robbed of everything but his shoes and the money would be safer on Lane's acct. CM Page did call Davis' sister (Emily) and confirmed that she had been receiving calls and requests for money. She has asked him to please stop calling. While CM Page was waiting on phone records to finish report she was informed that Lane had attempted to call Emily again last night but the call did not go through. Offender was informed that he would be receiving a conduct.

Dkt. 10-1. Lane received notice of the offense on December 9, 2016. Lane sought assistance of a lay advocate, and three witnesses including Officer Issac, Offender King, and Offender Davis. He did not request physical evidence. Officer Issac refused to comment for Lane. Offender King stated that he had no knowledge of the matter. Offender Davis, the victim, stated that: "Jason was a good helper, I never asked him to call my sister to put money on my account[,] he did this all on his own. I would hate to see him lose time over this knowing that he is a short timer." Dkt. 10-6.

2

The Disciplinary Hearing was held on December 13, 2016. Lane stated that: "I am guilty of having the info, I have been helping him for a year and a half." The Hearing Officer entered a guilty plea and found Lane guilty of possession of unauthorized personal information, in violation of Code B-247 after considering the reports, phone evidence, Jpay letters, offender, and witness statements. The recommended and approved sanctions imposed included loss of privileges and 90 days of lost credit time. A demotion in credit class was recommended, but suspended. The Hearing Officer imposed the sanctions because of the seriousness of the offense, nature of the conduct, and degree to which the violation disrupted/endangered the facility.

Lane appealed to Facility Head and the IDOC Final Reviewing Authority, both of which were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Lane argues two grounds for relief. First, he asserts that inmate Kenneth Redkey was not a credible lay advocate because Redkey has displayed animosity towards Lane and took the main incriminating statement from Sam Davis. Lane argues that Sam Davis claims he never made the statement. DKt. 1 at 2.

Lane, however, is not entitled to relief on this basis. "[D]ue process d[oes] not require that the prisoner be appointed a lay advocate, unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case.'" *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quoting *Wolff*, 418 U.S. at 570); *see Wilson-El v. Finnan*, 263 Fed. Appx. 503, 506 (7th Cir. 2008). A charge stemming from the possession of unauthorized personal information is straightforward, and Lane is not illiterate, as demonstrated by his appeals and

3

Petition. Because he does not have a constitutional right to a lay advocate, the alleged deficiency in his representation does not violate due process.

Lane alleges that the lay advocate fabricated the victim statement of Offender Davis. There is no evidence to support this allegation. Instead, the record reflects that Offender Davis' witness statement is corroborated by the Report of Conduct and supporting documents. No relief is warranted on this basis.

Lane's second ground for relief is that he did nothing wrong because he was authorized to possess Davis's personal information. He explains that NCCF library supervisor confirmed Lane's legitimate involvement with Sam Davis. Ms. Cecil said, "I asked offender Davis if he needed help and he told me yes and only trusted Lane." Dkt 1 at 2. In addition, Lane explains that Case Manager McDaniels sought him out and gave him the personal information of Sam Davis so Lane could aid him in his daily personal affairs because he is blind. This argument calls into question the sufficiency of the evidence.

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the

record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

The record reflects that Lane did assist Offender Davis in personal affairs, but there is no evidence that such arrangement was authorized by the Superintendent, as required. See Definition of Code B-247, IDOC Adult Disciplinary Process, Appendix 1: Offenses, at 8, http://www.in.gov/idoc/files/02-04-101_APPENDIX_I- OFFENSES_6-1-2015(1).pdf. The record shows that Lane admittedly possessed the personal information (telephone number) without the required approval. Thus there is "some evidence" of his guilt.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Lane to the relief he seeks. Accordingly, Lane's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/27/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

JASON C. LANE
199246
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362